**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

2:26 CV 03023 CSK (PC)

JAMIE OSUNA BD0868
CSP-COR PO Box 8800
Corcoran, CA 93212,

Plaintiff,

v.

CDCR, et al.,

Defendants.

FILED

SEP 11 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

No. 1:26-at-03309

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION; EXHIBITS A–E**

Removed from Sacramento Superior Court No. 25CV017927 (*Osuna v. Duran, et al.*)

This motion is submitted without oral argument under Local Rule 230(l), unless the Court orders otherwise.

Plaintiff Jamie Osuna moves under 28 U.S.C. § 1447(c) to remand this entire action to Sacramento Superior Court, No. 25CV017927. The September 3, 2026, Notice of Removal ("Notice") reports no consent from Ferrel or Duran, although filed sheriff returns document personal service months earlier, and Plaintiff's later request to dismiss certain defendants did not include Ferrel or Duran. The Notice's generalized assertion of improper service does not resolve that contrary record.

Plaintiff raises the failure of unanimity under § 1446(b)(2)(A) and separately preserves the omitted-papers objection under § 1446(a). He requests resolution of remand before merits screening, transfer, or compelled amendment. This motion relies on the following memorandum, declaration, Exhibits A–E, and the removal record; it neither amends the complaint nor abandons any surviving party or claim.

CDCR's voluntary removal waives applicable Eleventh Amendment forum immunity; grouping defendants does not dismiss parties or claims. See Sections IV.A, IV.C.

September 09, 2026,

Jamie Osuna

p.p. Jamie Osuna

RECEIVED

SEP 11 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

## MEMORANDUM OF POINTS AND AUTHORITIES

"Complaint" refers to Plaintiff's operative state-court pleading reproduced as Defendants' Exhibit A to their Notice of Removal (ECF No. 1). Plaintiff's Exhibit A to this motion is Ferrel's sheriff return.

### I. The Filed Service Record Defeats the Notice's Asserted Exception to Unanimity

The removal statute is strictly construed, and any doubt concerning the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing defendants bear the burden of establishing that removal is proper. *Moore-Thomas*, 553 F.3d at 1244.

Section 1446(b)(2)(A) requires every properly joined and served defendant to join or consent to removal under § 1441(a). A later-served defendant's removal period does not dispense with an earlier-served defendant's required consent. § 1446(b)(2)(B)–(C). The Notice reports no consent from Ferrel or Duran.

The sheriff's returns record personal delivery of summons and complaint papers to Ferrel on May 8, 2026, and to Duran on May 21, 2026. Exs. A–B. Each filed return identifies the named individual defendant and records personal service; the copies reproduced as Exhibits A–B bear filing stamps of June 15 and June 1, respectively. Because both services occurred before removal, their sufficiency is determined under California law. *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993). California Code of Civil Procedure § 415.10 provides that personal delivery of the summons and complaint completes service at the time of delivery, and Government Code § 26662 makes a sheriff's return prima facie evidence of the facts stated in the return.

The August 31 CIV-110 requested dismissal only of Campbell, Beam, Hamilton, Gomez, Aguilar, Guerrero, Gutierrez, and Does 1–50, and the clerk entered that dismissal as requested. Ex. C. Ferrel and Duran were not listed. Both face substantive claims and individual relief: the Complaint alleges Ferrel's file access, publication, and facilitation of Duran's interview, and Duran's disclosures and retaliatory conduct. Complaint ¶¶ 18, 23, 48–60, 137–149, 154–155. Their alleged personal liability and requested individual relief make them substantive, not nominal, defendants. Plaintiff relies on no dismissed defendant's consent.

The Complaint identifies Ferrel and Duran as former CDCR employees sued in their individual capacities. Complaint ¶¶ 18, 23. Their former employment does not merge their party status into CDCR or, by itself, authorize CDCR to consent for them. The Notice identifies Rhoan as counsel for the removing group, not either individual, and reports neither individual's consent. Notice at 1, 4.

Notice ¶ 5 identifies Broomfield, Cavanaugh, Espino, Gates, Guillen, Pena, Silva, and CDCR as "Defendants," and ¶ 6 states that those Defendants were served at CDCR headquarters on August 4. Paragraph 7 separately states only that "[t]he remaining defendants listed on the FAC's caption have not been properly served as of the date of this notice." The Notice identifies no defect in the August 4 sheriff service on the Defendants identified in paragraphs 5 and 6. It further groups OIA, the State of California, and AIMS under CDCR as "erroneously sued," without identifying any state-court adjudication establishing that characterization. The Notice nowhere identifies Ferrel or Duran. The state-court record contains no pre-removal order quashing the May or August service. The filed sheriff returns constitute prima facie evidence of those service events and establish the record basis for each properly served defendant's consent requirement under § 1446(b)(2)(A). Plaintiff concedes no defect in either May service.

**II. Enforce the Applicable Consent Deadline; Alternatively, Decline Discretionary Cure**

**A. Apply the service-triggered deadline.**

In *Gray v. Alvarez*, No. 2:24-cv-02401-DJC-CSK, ECF No. 22 at 2–4 (E.D. Cal. July 15, 2025), this District remanded a prisoner's action to Sacramento Superior Court after rejecting consent outside the applicable removal period. *Gray* expressly addressed the 2011 statutory amendments and rejected an open-ended, pre-judgment cure. Recent persuasive authority reaches the same result. *Ferro v. Weingarten Nostat Inc.*, No. 2:26-cv-06645-AH-(CTSx), ECF No. 25 at 3–4 (C.D. Cal. Sept. 1, 2026), held that a properly served defendant's failure to timely consent was alone enough to render removal defective and rejected belated consent outside the statutory thirty-day window, expressly citing *Gray*. Plaintiff urges that analysis here. Ferrel and Duran had been personally served months before removal, yet the September 3 Notice reports no consent from either defendant. The August 4 service date admitted in Notice ¶ 6 made September 3 the

final day of that thirty-day removal period, and the Notice was filed that day without reporting consent from either Ferrel or Duran. Even assuming the separately named State's August 5 service supplied a distinct later period, that period expired September 4 without any reported consent from either defendant. Ex. E. Defendants must establish timely consent within the applicable statutory period; opposition briefing does not create a new consent deadline.

Plaintiff acknowledges the competing authority. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011), recognizes discretion to allow cure before judgment. *Orozco v. American Legion Ambulance Co.*, No. 2:25-cv-01994-DJC-CKD, ECF No. 21 (E.D. Cal. Dec. 22, 2025), adopted, ECF No. 29 (Feb. 13, 2026), invoked that reasoning and separately found proper service on the omitted defendant unestablished. Here, by contrast, filed sheriff returns document Ferrel's and Duran's personal service months before removal. Plaintiff does not characterize *Gray* or *Ferro* as overruling *Destfino*; he requests application of the post-2011 statutory analysis and, alternatively, denial of discretionary cure on this record.

**B. Alternatively, the record does not justify discretionary cure.**

Even assuming *Destfino* permits cure after the applicable consent deadline, the Court should decline that relief. *The United Council of Human Services v. Felton Institute*, No. 4:25-cv-09819-HSG, ECF No. 57 at 3–4 (N.D. Cal. May 5, 2026), treated *Destfino* as the Ninth Circuit's most recent binding authority but emphasized that its cure rule is discretionary and declined cure where the remover knew served defendants existed and the federal case remained at an early stage. *Bender v. Sunbeam Products, Inc.*, No. 5:25-cv-01571-SPG-BFM, ECF No. 23 at 8–9 (C.D. Cal. Sept. 4, 2025), likewise distinguished *Destfino* where a properly served defendant failed to timely consent and the case was still in its earliest trial-court stage.

**1. Reason for the omission and reasonable control.** Notice ¶ 5 identifies Broomfield, Cavanaugh, Espino, Gates, Guillen, Pena, Silva, and CDCR as "Defendants," and ¶ 6 states that those Defendants were served at CDCR headquarters on August 4. Paragraph 7 separately refers generically to unnamed "remaining defendants listed on the FAC's caption," without identifying any person, service event, governing requirement, or particular defect. The Notice nowhere separately identifies Ferrel or Duran or their May sheriff returns, which had already been filed in

the state-court record. Reviewing that record, determining who had been served, and obtaining required consent were matters within the removing parties' control. Removing counsel is also familiar with removal and related-case practice: in *Batton v. Dimmer*, No. 1:23-cv-01532-SAB, ECF Nos. 1–2 (E.D. Cal. Nov. 3, 2023), Rhoan filed both a notice of removal and a notice of related case. Plaintiff cites that history only as evidence of familiarity with the mechanics. Any cure request should therefore identify the records reviewed, the service defect actually relied upon, when Ferrel's and Duran's consent was first sought or obtained, and what prevented timely compliance.

**2. Length of delay and effect on proceedings.** The Notice identifies no late consent. If consent is later presented, the relevant delay runs from the applicable September deadline to the date consent was actually obtained and presented. Plaintiff raises the defect at the outset of federal proceedings, before substantial federal merits investment. The state court had already directed diligent pursuit of responses, defaults, or dismissals and set an October 16 case-management conference. Ex. D. Remand now would resume that existing state-court record rather than allow federal proceedings to accumulate around a timely challenged defect. See *United Council*, ECF No. 57 at 3–4; *Bender*, ECF No. 23 at 8–9.

**3. Prejudice and practical burden.** Plaintiff has already pursued pleadings, fee-waiver procedures, sheriff service, default-related relief, and case-management requirements through institution-dependent procedures. Decl. ¶¶ 4–5. Requiring completed service, copying, or state-court work to be repeated, or requiring a response to newly presented service or consent evidence, entails additional law-library access, copying, record review, and other steps under the institutional access constraints described in Declaration ¶ 5. These burdens are concrete even though Plaintiff proceeds pro se and in forma pauperis

**4. Good faith and evidence of deliberate narrowing rather than inadvertence.** The Notice does not present Ferrel and Duran as defendants whose consent had already been obtained but were accidentally omitted. Deputy Attorney General Erick J. Rhoan instead signed a Notice that: (1) identifies a removing and counsel roster excluding both individuals; (2) treats the separately named State, OIA, and AIMS as entities under which CDCR was "erroneously sued,"

although no cited state-court adjudication had dismissed them on that basis; (3) separately leaves Ferrel and Duran and their filed May service returns unidentified while making only a generalized assertion concerning unnamed "remaining defendants listed on the FAC's caption"; (4) immediately requests federal screening, including dismissal of claims against immune defendants and additional time to answer only whatever survives; and (5) omits from the removal packet the served April 14 minute order reflecting the actual state-court procedural posture. Notice ¶¶ 5–7, 11; Ex. D. Taken together, those are affirmative litigation positions forming a coherent pattern of narrowing the defendant presentation before this Court, not a mere clerical omission of two names. Plaintiff therefore contends that the record supports an inference of strategic bad faith in the removal presentation. Section 1446(a) requires a notice of removal signed pursuant to Rule 11, and Rule 11(b) requires representations formed after an inquiry reasonable under the circumstances. The Court need not make a sanctionable-bad-faith finding to conclude that the good-faith consideration weighs against discretionary cure. Any cure request should disclose the actual pre-removal service inquiry and consent chronology rather than presume good faith from consent first produced after Plaintiff identifies the defect. The State presents a related inconsistency. Before removal, the Attorney General returned the State's summons and complaint to Plaintiff with a notice asserting that service was defective because no party was listed. The issued summons reproduced in Exhibit E, however, identifies "State of California" as the defendant, and the state-court record presented here contains no pre-removal order quashing that service. The Notice thereafter includes the State within its removing-party presentation while characterizing it as "erroneously sued" under CDCR. This history further warrants requiring any requested cure to identify the actual pre-removal service inquiry and positions taken concerning service.

These considerations favor remand even under *Destfino*. Courts have declined cure where available service information and inadequate consent efforts did not justify relief and where the federal case remained at an early stage. *United Council*, ECF No. 57 at 3–4; *Bender*, ECF No. 23 at 8–9; *Dominguez v. Werner Enterprises, Inc.*, No. 5:25-cv-02401-SPG-E, ECF No. 28 at 3 (C.D. Cal. Dec. 3, 2025). The reason/control and good-faith considerations are especially

significant here because the omission of two served defendants accompanied affirmative narrowing positions rather than an acknowledged clerical error. On this record, the filed service evidence, the Notice's omission of Ferrel and Duran, and the absence of timely reported consent favor enforcing § 1446(b)(2)(A), not permitting a post-deadline cure.

**III. The Omitted-Papers Objection Is Separately Preserved**

Section 1446(a) requires removing defendants to file copies of the process, pleadings, and orders served upon them. CDCR's August 4 return identifies a summons and the April 14 minute order among the papers served, yet neither appears in the removal packet. Ex. D. The omission matters for two limited reasons. First, it is a separate procedural removal defect that Plaintiff timely preserves under § 1447(c). Second, the omitted April 14 minute order documents the actual state-court posture, including the court's direction to pursue responses, defaults, or dismissals diligently and the October 16 case-management conference. The omission was therefore not merely technical: it deprived the removal packet of an order showing that the state court had already placed the action on a track requiring diligent pursuit of responses, defaults, or dismissals, while the Notice's identified defendant roster simultaneously omitted Ferrel and Duran despite filed records of their May personal service. Taken together, those omissions materially understated the actual procedural posture of the action. *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013), permits omitted papers to be supplied, so Plaintiff does not contend that this omission alone is necessarily incurable. But supplementing the missing papers can cure only the § 1446(a) paper omission; it cannot supply Ferrel's or Duran's missing consent under § 1446(b)(2)(A). If the relevant state record is disputed, Plaintiff requests its production under § 1447(b).

**IV. Remand the Entire Action Without Altering Its Parties or Claims**

**A. The removing-party list is not a dismissal or a merits ruling.**

Ferrel and Duran remain parties notwithstanding their omission from the removing-party list. Neither the federal case title nor the civil cover sheet dismisses them. Fed. R. Civ. P. 21. Likewise, counsel's "erroneously sued" characterization does not adjudicate the separately pleaded State defendant or the capacity of OIA and AIMS. The Complaint deliberately names the

State as a public entity and describes OIA/AIMS within CDCR's structure. Complaint ¶¶ 14–17. California Government Code § 945 permits public entities to be sued, and Civil Code § 1798.45 authorizes agency actions for specified Information Practices Act violations, subject to their governing requirements and defenses. Plaintiff does not concede a misnomer or ask to re-add defendants never dismissed.

Plaintiff deliberately filed in California state court to pursue the pleaded California remedies against the State, CDCR, and the named individuals, with OIA and AIMS named for their alleged institutional roles and the relief sought. Complaint ¶¶ 2–7, 14–18, 23, 108–165. The State was sued as a public entity in its own name, not simply as another spelling of CDCR. Government Code § 811.2 expressly includes the State within "public entity," and § 945 permits public entities to sue and be sued.

California Government Code § 815 requires a statutory basis for public-entity liability; the Complaint identifies such bases rather than relying on § 945 alone. It invokes § 815.2 for qualifying employee acts or omissions within the scope of employment and § 815.6 for breach of enactment-imposed mandatory duties designed to protect against the kind of injury alleged. Complaint ¶¶ 108–119, 128–136, 159–165. Section 945 addresses capacity to sue and be sued, not substantive liability. These pleaded California-law theories remain subject to their elements and statutory defenses, but they are issues for judicial adjudication—not parties or claims counsel may eliminate by relabeling them in a removal caption.

The Information Practices Act separately defines "agency" to include state offices, departments, divisions, and other specified bodies, subject to its listed exceptions. Civ. Code § 1798.3(b). Section 1798.45(c) authorizes civil actions for covered agency noncompliance causing an adverse effect. The statutory treatment of agencies and the Complaint's allegations must therefore be addressed rather than replaced with an "erroneously sued" parenthetical. Any distinct capacity question is governed by Rule 17(b); a party raising a capacity objection must comply with Rule 9(a)(2). Counsel's characterization is not a judicial determination. Even a determination that an internal unit lacks separate capacity would not, by itself, adjudicate the responsible entity's alleged duties or the claims against the remaining individuals.

State courts also have concurrent jurisdiction over § 1983 claims. *Haywood v. Drown*, 556 U.S. 729, 735–36 (2009). Plaintiff's inclusion of a federal theory did not require him to abandon the state forum or omit the deliberately pleaded California claims and defendants. The forum choice does not alone defeat statutory removal; it explains why the parties and state-law remedies were intentionally pleaded and must not be treated as already dismissed.

The Complaint separately pleads California causes of action; they are not merely hypothetical claims that the action "potentially" involves. Notice ¶ 2; Complaint ¶¶ 108–165. Naming public entities in that state-court action was not inherently improper. These points preserve the pleaded parties and theories; they do not negate federal-question jurisdiction or replace the dispositive procedural objection to removal.

**B. Transfer, related-case assignment, and consolidation do not cure removal defects.**

Notice ¶ 3 recognizes Sacramento as the proper initial removal division. Defendants expressly state that "Venue is proper in the Sacramento Division." Notice ¶ 3 (ECF No. 1 at 2:14–16). Section 1441(a), not § 1391, governs initial removal venue. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953). The Complaint alleges Sacramento-based administration and decisions, as well as cross-institution conduct. Complaint ¶¶ 4–7, 21–22, 50–52. Any later transfer analysis should address the remaining claims and conduct after the August 31 dismissal, not confinement or the former defendant roster alone. Plaintiff requests resolution of remand before that separate issue. Notice ¶ 4 proposes a later transfer; it does not negate paragraph 3's acknowledgment of proper initial removal venue.

The cover sheet identifies *Osuna v. Beam*, No. 1:25-cv-00772-JLT-BAM. ECF No. 1 at 52. Related-case assignment under L.R. 123 is an assignment mechanism, not consolidation or a merits determination. Consolidation requires a separate exercise of discretion under Rule 42(a).

The present Complaint specifically alleges Ferrel's publication and commercialization, his facilitation of Duran's interview, and Duran's alleged disclosures and retaliation, together with separately pleaded California causes of action. Complaint ¶¶ 48–68, 108–165. Beam was dismissed here before removal. Ex. C. The related Beam action concerns a different operative defendant group and federal informational-privacy and deliberate-indifference theories. *Beam*

FAC, ECF No. 10, Claims One–Two. This action separately includes Ferrel and Duran and pleads California Information Practices Act, California constitutional and common-law privacy, Bane Act, and retaliation theories together with the federal retaliation theory. Complaint ¶¶ 108–165. Shared factual background does not make the actions interchangeable or establish that all-purpose consolidation would be efficient or fair. Any proposal should identify the operative pleadings, actual common issues, and anticipated savings weighed against added complexity, delay, and Plaintiff's documented access burdens. Consolidation does not itself merge the actions or eliminate their separate parties and substantive rights. *Hall v. Hall*, 584 U.S. 59, 70, 76–77 (2018). Plaintiff opposes consolidation on the present record, concedes no duplication or misjoinder, and requests an opportunity to address any specific proposal. He requests resolution of remand before any combined-pleading or consolidated merits process.

**C. Grant full remand; preserve alternatives without abandoning claims.**

Plaintiff requests remand of the entire action and certified transmission under § 1447(c), before merits screening or compelled amendment. Section 1915A does not cure a failure of unanimity. This motion creates no automatic stay and does not amend the Complaint, withdraw § 1983, dismiss any remaining defendant, or request severance. Plaintiff seeks any necessary pleading proceedings in the state forum after remand.

Only if the action remains, Plaintiff preserves the applicable removal waiver of Eleventh Amendment federal-forum immunity. *Lapides v. Board of Regents*, 535 U.S. 613, 617–24 (2002); *Embury v. King*, 361 F.3d 562, 564–66 (9th Cir. 2004); *Walden v. Nevada*, 945 F.3d 1088, 1093–96 (9th Cir. 2019). CDCR expressly removed; its treatment of OIA/AIMS as internal components supplies no separate forum immunity, and the same waiver analysis applies insofar as counsel removes for the State. Waiver does not establish liability or make the State a § 1983 "person." *Will v. Michigan Department of State Police*, 491 U.S. 58, 64–71 (1989). The California claims require their own analysis, not automatic dismissal under § 1983 personhood rules. Treating OIA or AIMS as internal components cannot restore CDCR's waived federal-forum objection. Any distinct immunity or capacity defense requires its own legal basis and analysis; grouping the names under CDCR is neither that analysis nor a dismissal of the pleaded parties or claims.

If actual process or service is found defective and federal proceedings continue, Plaintiff requests a reasonable opportunity to correct or complete it under § 1448 and Rule 4, without conceding invalid May service. Existing state orders remain effective unless modified or dissolved, and repleading is unnecessary unless ordered. § 1450; Fed. R. Civ. P. 81(c)(2). If the Court later dismisses all original-jurisdiction claims, Plaintiff requests remand of the remaining California claims under § 1367(c)(3), rather than requiring unnecessary refiling. *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000–01 (9th Cir. 1997) (en banc).

The Complaint alleges a connected course of unauthorized access, use, publication, amplification, and commercialization of protected or purportedly record-derived information through Ferrel's media activity, Duran's interview participation, and associated post-notice official conduct. Complaint ¶¶ 48–85, 137–155. That description identifies the challenged conduct; it does not ask the Court, in deciding remand, to adjudicate the truth of public assertions about Plaintiff's medical, mental-health, custodial, or criminal history. The removal questions concern service, consent, timing, and the removal record—not whether inflammatory allegations about Plaintiff are true. Plaintiff requests that submissions addressing this motion remain confined to genuinely disputed removal issues and comply with applicable privileges, protective orders, and L.R. 140, 141, and 141.1. This motion does not authorize republication of protected material or waive applicable objections.

**D. Conditional request for certification of the late-consent question.**

If the Court denies remand on the legal ground that consent first obtained after the applicable statutory period may cure the absence of unanimity over Plaintiff's timely objection, Plaintiff respectfully requests that the order include certification under 28 U.S.C. § 1292(b). Whether post-2011 § 1446(b)(2) permits such a cure is a controlling question of law because its resolution determines whether this action may remain in federal court; the conflicting authorities discussed above provide substantial ground for difference of opinion; and immediate review may avoid merits litigation in a forum that was procedurally unavailable. This request concerns that legal question only and does not seek interlocutory review of disputed service facts.

For these reasons, Plaintiff requests that the Court grant this motion and remand the entire

action to Sacramento Superior Court, No. 25CV017927.

**DECLARATION OF JAMIE OSUNA**

I, Jamie Osuna, declare:

1. I am Plaintiff. I make this declaration from personal knowledge and review of the records identified below. Statements drawn from records are identified. To the best of my knowledge, the exhibits accurately reproduce those records or the identified excerpts.
2. Exhibits A–E contain the service records, summonses, the August 31 CIV-110 reflecting the clerk's entry of the requested dismissal, and the April 14 minute order identified in the motion.
3. I am incarcerated and did not witness the sheriff's deliveries. My statements about delivery dates and methods are based on the filed sheriff returns and summons records, not personal observation. To the best of my knowledge as of signing, Ferrel and Duran have not appeared or responded in this action.
4. I have pursued pleadings, fee-waiver procedures, sheriff service, default-related relief, and case-management requirements in the state action.
5. I lack direct CM/ECF access and must rely on institutional law-library, copying, and similar procedures to obtain records, prepare papers, make copies, and send filings. These limitations have included periods in which law-library or copying access was unavailable or substantially reduced and lengthy appointment waits that extended for weeks and, at times, months. Requiring completed service, copying, or state-court work to be repeated, or requiring a response to newly presented service or consent evidence, therefore creates concrete additional delay and burden through those institutional procedures.
6. Before removal, I received back the State service papers with a notice from the Attorney General asserting that service was defective because no party was listed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

September 09, 2026,

p.p. Jamie Osuna

# EXHIBIT A — Ferrel Sheriff Return — source page 1

| ATTORNEY (Name and Address): SBN: | FOR COURT USE ONLY |
|---|---|
| Jaime Osuna<br>CSP-COR<br>P.O. Box 8800<br>Corcoran, CA 93212<br>EMAIL:<br>ATTORNEY FOR: In Propria Persona | Filed<br>Superior Court of California,<br>Sacramento<br>06/15/2026<br>chapman<br>By FILE COPY, Deputy<br>25CV017927 |
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Sacramento County Superior Court<br>720 Ninth Street<br>Sacramento, CA 95814 | |
| PLAINTIFF: Jaime Osuna<br>DEFENDANT: Hector Ferrel | COURT CASE NO: 25CV017927 |
| **Proof of Service of Summons** | LEVYING OFFICER FILE NO: 2026250805 |

1. At the time of the service I was at least 18 years of age and not a party to this action.
2. I served copies of the:
   f. other *(specify documents):*
   **Alternate Dispute Resolution Information Package, Exhibit(s), First Amended Complaint, Minutes, Program Case Notice (Unlimited Civil Case), Statement of Damages, Summons**
3. a. Party Served *(specify name of party as shown on documents served):*
   **Hector Ferrel**
4. Address where party was served: **500 Third Ave Suite 140, Chula Vista, CA 91910**
5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: 05/08/2026 at: 9:34 AM.
6. the "Notice to the Person Served" (on the summons) was completed as follows:
   a. as an individual defendant.
7. **Person who served the papers:**
   a. Name: **A. Ponce 4298**
   b. Address: **500 Third Ave Suite 140, Chula Vista, CA 91910**
   c. Telephone number: **Phone:(619) 691-4543**
   d. The fee for service was: **$50.00 (Waiver)**
8. **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Date:** Monday, May 11, 2026 **by:** P. Vail 0606

Sheriff's Authorized Agent
Kelly A. Martinez

RECEIVED JUN 15 2026 CIVIL

Judicial Council Form POS-010 **Original**
(c) CountySuite Sheriff, Teleosoft, Inc

# EXHIBIT B — Duran Sheriff Return — source page 1 of 2

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jamie Osuna<br>P.O. Box 8800<br>Corcoran CA 93212<br>TELEPHONE NO.: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY*<br>FILED/ENDORSED<br>JUN 0 1 2026<br>By: I. Alonso<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento<br>STREET ADDRESS:<br>MAILING ADDRESS: Sacramento CA 95814-1398<br>CITY AND ZIP CODE:<br>BRANCH NAME:<br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO 500 G STREET SACRAMENTO, CA 95814 | |
| PLAINTIFF/PETITIONER: Jamie Osuna<br>DEFENDANT/RESPONDENT: Angel Alex Duran | CASE NUMBER:<br>25CV017927 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>26001625 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   f. ☒ other *(specify documents)*: SUMMONS & COMPLAINT, CIV-050 STATEMENT OF DAMAGES (PERSONAL INJURY OR WRONGFUL DEATH), ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET, PROGRAM CASE NOTICE (UNLIMITED CIVIL CASE)

3. a. Party served: **Angel Alex Duran**
   b. ☐ Person (other than the party in item 3a) served on behalf of the entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served: 3936 West Clinton Ave Visalia CA 93291

5. I served the party
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on 05/21/2026 (2) at 12:52 pm
   b. ☐ **by substituted service**. On: at: I left the documents listed in item 2 with or in the presence of:
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on.
      ☐ a declaration of mailing is attached.
   c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
      (1) on *(date)*: (2) from *(city)*:
      (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*)* (Code Civ. Proc., § 415.30.)
      (4) ☐ to an address outside California with return receipt requested (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means.** Method On: at:

Court Copy

# EXHIBIT B — Duran Sheriff Return — source page 2 of 2

6. The "Notice to Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant
   b. ☐ as the person sued under the fictitious name of:
   c. ☐ as occupant
   d. ☐ On behalf of:
   under the following Code of Civil Procedure section:
   - ☐ 416.10 (corporation)
   - ☐ 416.20 (defunct corporation)
   - ☐ 416.30 (joint stock company/association)
   - ☐ 416.40 (association or partnership)
   - ☐ 416.50 (public entity)
   - ☐ 415.95 (business organization, form unknown)
   - ☐ 416.60 (minor)
   - ☐ 416.70 (ward or conservatee)
   - ☐ 416.90 (authorized person)
   - ☐ 415.46 (occupant)
   - ☐ Other:
7. **Person who served papers**
   a. Name: Iriane Servin-Ponce
   b. Address: 221 South Mooney Blvd Room 102 Visalia, CA 93291
   c. Telephone number: (559) 636-5090
   d. The fee for service was: $ 50.00 (waived)
   e. I am:
      (1) ☒ not a registered California process server.
      (2) ☒ exempt from registration under Business and Professional Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:
8. ☐ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☒ **I am a California sheriff or marshall and** I certify that the foregoing is true and correct.

Thursday, May 21, 2026

Mike Boudreaux, Sheriff-Coroner
County of Tulare

By: *Iriane Servin-Ponce*
Sheriff's Authorized Agent

Remarks: Servee was served at the Tulare County Sheriff Civil Unit, 221 S. Mooney Blvd. Room 102, Visalia, CA, 93291

# EXHIBIT B — Duran Issued Summons — source page 1

SUM-100

**SUMMONS**
***(CITACION JUDICIAL)***

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED/ENDORSED
JAN 20 2026
By: S. Decker
Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Angel Alex Duran

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Jamie Osuna

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Gordon D. Schaber Sacramento County C
720 9 th Street Sacramento, CA 95814

CASE NUMBER: *(Número del Caso):* 25CV017927

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jamie Osuna BD0868 CSP-COR PO Box 8800 Corcoran, CA 93212

DATE: *(Fecha)* JAN 20 2026 Clerk, by *(Secretario)* S. DECKER , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

# EXHIBIT C — CIV-110 Request for Dismissal with Clerk Entry — source page 1 of 3

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Jamie Osuna (CDCR No. BD0868)
FIRM NAME: CSP-COR
STREET ADDRESS: P.O. Box 8800
CITY: Corcoran STATE: CA ZIP CODE: 93212
TELEPHONE NO.: FAX NO.:
EMAIL ADDRESS:
ATTORNEY FOR (name): In Propria Persona

FOR COURT USE ONLY

FILED/ENDORSED
AUG 31 2026
By: S. Woltmon
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 500 G Street
MAILING ADDRESS: 500 G Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Tani G. Cantil-Sakauye Sacramento County Courthouse

PLAINTIFF/PETITIONER: Jamie Osuna
DEFENDANT/RESPONDENT: Duran, et al.

**REQUEST FOR DISMISSAL**

CASE NUMBER: 25CV017927

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice (2) ☒ Without prejudice (3) ☐ Without prejudice and with the court retaining jurisdiction (Code Civ. Proc., § 664.6)
   b. (1) ☐ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed on *(date):* by *(name):*
   (4) ☐ Cross-complaint filed on *(date):* by *(name):*
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other *(specify)**: See Attachment 1b(6).
2. *(Complete in all cases except family law cases.)*
   The court ☒ did ☐ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)*

Date: 08/30/2026

p.p. Jamie Osuna BD0868
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

(SIGNATURE) [signature]

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.†
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)

† If item 1a(3) is checked, all parties must sign.
If a cross-complaint—or *Response—Marriage/Domestic Partnership* (form FL-120) seeking affirmative relief—is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

Attorney or party without attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross-Complainant

☐ Check here and use form MC-025 or a separate page for additional signatures. Include date, printed name, and party information.

4. ☒ Dismissal entered as requested on *(date):* AUG 31 2026
5. ☐ Dismissal entered on *(date):* as to only *(name):*
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*
7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to be conformed ☐ means to return conformed copy

Date: AUG 31 2026 Clerk, by [signature: S Woltmon], Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. January 1, 2025]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Government Code, § 68637(c); Cal. Rules of Court, rule 3.1390

# EXHIBIT C — CIV-110 Request for Dismissal with Clerk Entry — source page 2 of 3

CIV-110

| PLAINTIFF/PETITIONER: Jamie Osuna<br>DEFENDANT/RESPONDENT: Duran, et al. | CASE NUMBER<br>25CV017927 |
|---|---|

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

**Declaration Concerning Waived Court Fees**

1. The court waived court fees and costs in this action for *(name):* Jamie Osuna
2. The person named in item 1 is *(check one below)*
   a. [X] not recovering anything of value by this action.
   b. [ ] recovering less than $10,000 in value by this action.
   c. [ ] recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. All court fees and court costs that were waived in this action have been paid to the court *(check one):* [ ] Yes [ ] No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 08/30/2026

p.p. Jamie Osuna BD0868 ▶ [signature]

(TYPE OR PRINT NAME OF [ ] ATTORNEY [X] PARTY MAKING DECLARATION) (SIGNATURE)

# EXHIBIT C — CIV-110 Request for Dismissal with Clerk Entry — source page 3 of 3

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO

Jamie Osuna, Plaintiff
v.
Duran, et al., Defendants

Case No. 25CV017927

ATTACHMENT 1b(6) TO REQUEST FOR DISMISSAL

Specified Defendants to Be Dismissed Without Prejudice

Plaintiff requests dismissal without prejudice as to the following specified defendants:

- Tammy Campbell
- Erik Beam
- Sgt. Hamilton
- Officer Gomez
- Officer Aguilar
- A. Guerrero
- J. Gutierrez
- John/Jane Does 1-50

Attachment 1b(6)

# EXHIBIT D — CDCR Sheriff Return — source page 1

| ATTORNEY (Name and Address): SBN: | FOR COURT USE ONLY |
|---|---|
| Jamie Osuna<br>CSP-COR<br>P.O. Box 8800<br>Corcoran, CA 93212<br>EMAIL:<br>ATTORNEY FOR: In Propria Persona | FILED/ENDORSED<br>AUG 24 2026<br>By: R. Lopez<br>Deputy Clerk |
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Superior Court of California, County of Sacramento<br>720 Ninth Street<br>Sacramento, CA 95814 | |
| PLAINTIFF: Jamie Osuna<br>DEFENDANT: Duran, et al. | COURT CASE NO: 25CV017927 |
| **Proof of Service of Summons** | LEVYING OFFICER FILE NO: 2026027171 |

1. At the time of the service I was at least 18 years of age and not a party to this action.
2. I served copies of the:
   f. other *(specify documents):*
   **Alternative Dispute Resolution Information Package, First Amended Complaint, Minute Order, Program Case Notice - Unlimited Civil Case, Statement of Damages, Summons**
3. a. Party Served *(specify name of party as shown on documents served):*
   **California Department of Corrections and Rehabilitation**
   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **LINDA STARK/ OFFICE TECHNICIAN**
4. Address where party was served: **CDCR - Office of Legal Affairs, 10111 Old Placerville Rd., #100, Sacramento, CA 95827**
5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: 08/04/2026 at: 9:50 AM.
6. the "Notice to the Person Served" (on the summons) was completed as follows:
   a. as an individual defendant.
7. **Person who served the papers:**
   a. Name: **M. Lujan**
   b. Address: **Sheriff's Civil Bureau, 2969 Prospect Park Drive, Suite 200, Rancho Cordova, CA 95670**
   c. Telephone number: **(916) 875-2665**
   d. **The fee** for service was: **$50.00 (Waived)**
8. **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Date:** Thursday, August 6, 2026

by: [signature]

Sheriff's Authorized Agent
Jim Cooper

Judicial Council Form POS-010

**Original**

(c) CountySuite Sheriff, Teleosoft Inc.

**EXHIBIT D — April 14 Minute Order — source page 1 of 2**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
Tani G. Cantil-Sakauye Courthouse, Department 8D

JUDICIAL OFFICER: HONORABLE JULIE G. YAP

Courtroom Clerk: L. Homsanith
Court Attendant: C. Levy

CSR: None

---

**25CV017927**

April 14, 2026
1:30 PM

**OSUNA**
**vs**
**DURAN, et al.**

---

**MINUTES**

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Initial Case Management Conference**

**Court's Tentative Ruling:**

No appearance is required under the following conditions:

Case Management Conference is scheduled for 10/16/2026 at 9:00 AM in Department 8D at Tani G. Cantil-Sakauye Courthouse.

New Case Management Statements shall be filed by all parties no later than 15 days prior to the hearing pursuant to Local Rule 2.51.

The plaintiff is directed to serve defendants with the Complaint and shall diligently proceed to obtain the responsive pleading, default, or dismissal of the defendants as to the Complaint.

**COURT RULING**

There being no request for oral argument, the Court affirmed the tentative ruling.

**EXHIBIT D — April 14 Minute Order — source page 2 of 2**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

By: /s/ L. Homsanith
L. Homsanith, Deputy Clerk

Minutes of: 04/14/2026
Entered on: 04/14/2026

Minute Order Page 2 of 2

## EXHIBIT E — State Issued Summons — source page 1

SUM-100

**SUMMONS**
***(CITACION JUDICIAL)***

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED/ENDORSED
JAN 2 0 2026
By S. Decker
Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
State of California

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Jamie Osuna

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Gordon D. Schaber Sacramento County C
720 9 th Street Sacramento, CA 95814

CASE NUMBER: *(Número del Caso):* 25CV017927

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jamie Osuna BD0868 CSP-COR PO Box 8800 Corcoran, CA 93212

DATE: *(Fecha)* JAN 2 0 2026 Clerk, by *(Secretario)* S. DECKER , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO

**NOTICE TO THE PERSON SERVED:** You are served

1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

# EXHIBIT E — State Sheriff Return — source page 1

| ATTORNEY (Name and Address): SBN: | FOR COURT USE ONLY |
|---|---|
| Jamie Osuna<br>CSP-COR<br>P.O. Box 8800<br>Corcoran, CA 93212<br>EMAIL:<br>ATTORNEY FOR: In Propria Persona | FILED/ENDORSED<br>AUG 24 2026<br>By: R. Lopez<br>Deputy Clerk |
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Superior Court of California, County of Sacramento<br>720 Ninth Street<br>Sacramento, CA 95814 | |
| PLAINTIFF:<br>Jamie Osuna<br>DEFENDANT:<br>Duran, et al. | COURT CASE NO:<br>25CV017927 |
| **Proof of Service of Summons** | LEVYING OFFICER FILE NO:<br>2026027171 |

1. At the time of the service I was at least 18 years of age and not a party to this action.
2. I served copies of the:
   f. other *(specify documents)*:
   **Alternative Dispute Resolution Information Package, First Amended Complaint, Minute Order, Program Case Notice - Unlimited Civil Case, Statement of Damages, Summons**
3. a. Party Served *(specify name of party as shown on documents served)*:
   **State of California**
   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **J. REPUCCI/ OFFICER #45**
4. Address where party was served: **C/O Office of the Attorney General, 1300 I Street, Sacramento, CA 95814**
5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: 08/05/2026 at: 10:01 AM.
6. the "Notice to the Person Served" (on the summons) was completed as follows:
   a. as an individual defendant.
7. **Person who served the papers:**
   a. Name: **M. Lujan**
   b. Address: **Sheriff's Civil Bureau, 2969 Prospect Park Drive, Suite 200, Rancho Cordova, CA 95670**
   c. Telephone number: **(916) 875-2665**
   d. **The fee** for service was: **$50.00 (Waived)**
8. **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Date:** Thursday, August 6, 2026

**by:** [signature]

Sheriff's Authorized Agent
Jim Cooper

Judicial Council Form POS-010 **Original**

(c) CountySuite Sheriff, Tyler/Soft, Inc.

**NOTICE REGARDING CM/ECF SERVICE ON REGISTERED COUNSEL.**

Plaintiff proceeds pro se and submits this filing in paper form. Under L.R. 133(a), (b)(2), the Clerk converts a pro se paper filing into the electronic record. Upon entry in CM/ECF, the Notice of Electronic Filing constitutes automatic service on registered removing counsel under Fed. R. Civ. P. 5(b)(2)(E) and L.R. 135(a), (g)(1). No separate certificate of service is required for that electronic service. Fed. R. Civ. P. 5(d)(1)(B). The proof below addresses conventional service on Ferrel and Duran.

**PROOF OF SERVICE**

On September 9, 2026, in California, Plaintiff's Notice of Motion and Motion to Remand, Memorandum of Points and Authorities, Declaration, and Exhibits A–E were enclosed in sealed envelopes addressed to the following last known addresses, with first-class postage fully prepaid, and placed for mailing through the United States Postal Service:

1. Hector Ferrel
   2592 Oak Springs Dr.
   Chula Vista, CA 91915
2. Angel Alex Duran
   3936 West Clinton Ave.
   Visalia, CA 93291

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

September 09, 2026,

p.p. Jamie Osuna