ROB BONTA, State Bar No. 202668
Attorney General of California
SEAN W. LODHOLZ, State Bar No. 299096
Supervising Deputy Attorney General
ERICK J. RHOAN, State Bar No. 283588
Deputy Attorney General
2550 Mariposa Mall, Room 5090
Fresno, CA 93721-2271
Telephone: (559) 705-2359
Fax: (916) 731-3641
E-mail: Erick.Rhoan@doj.ca.gov
*Attorneys for Defendants Broomfield, Cavanaugh, Duran, Espino, Ferrel, Gates, Guillen, Pena, Silva, and the California Department of Corrections and Rehabilitation (also erroneously sued as the Allegation Inquiry Management Section, Office of Internal Affairs, and State of California)*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **JAMIE OSUNA,** Plaintiff, **v.** **CDCR, et al.,** Defendants. | 2:26-cv-03023-DAD-CSK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Judge: The Honorable Chi Soo Kim<br>Trial Date: TBD<br>Action Filed: January 16, 2026 |

**INTRODUCTION**

Plaintiff's motion to remand this case back to the Sacramento County Superior Court should be denied. Plaintiff alleges that Defendants Duran and Ferrel were properly served at the time the other Defendants removed this case to the Eastern District of California. However, Plaintiff's exhibits and Defendant Duran and Ferrel's declarations state that they were never personally served on the dates listed in the proofs of services. The remaining Defendants,

therefore, were not required to obtain their consent before removing. Alternatively, the Court should exercise its discretion to cure the lack of unanimity at time of removal because Defendants Duran and Ferrel have promptly joined with the Defendants' Notice of Removal and Plaintiff will suffer no prejudice from having this case litigated in federal court.

## STATEMENT OF FACTS

### I. Plaintiff's Motion To Remand.

Plaintiff initiated this action in Sacramento County Superior Court and filed a First Amended Complaint (FAC) on January 16, 2026. (ECF No. 1 at 6.) The FAC alleges violations of his First Amendment rights as well as several state-law tort claims. (*Id.*) Plaintiff lists several defendants, including the Defendants who removed this action to the Eastern District, as well as Defendants Duran and Ferrel. (Pl.'s Mot. to Remand, ECF No. 4, at 1-3, 7-9.)

Defendants Broomfield, Cavanaugh, Espino, Gates, Guillen, Pena, Silva, and the California Department of Corrections and Rehabilitation (CDCR) removed this case from Sacramento County to the Eastern District on September 3, 2026, noting that other defendants listed on the FAC's caption were not properly served at that time. (ECF No. 1 at 3.)

Plaintiff moves for remand on the grounds that Defendants' notice of removal does not show consent for removal from Defendants Duran and Ferrel. (Pl.'s Mot. for Remand ("Pl.'s Mot."), at 1.) Plaintiff argues that without their consent, the removing Defendants violated the removal statute's rule of unanimity requiring the consent of all properly served Defendants. (*Id.* at 1, 7, 12-13.) Plaintiff attaches two proofs of service purporting to show Defendants Ferrel and Duran were personally served with a summons and FAC on May 8 and May 21, 2026, respectively. (*Id.* at 2-3, 14-17.) The remaining Defendants were served on August 4 and August 5, 2026.

According to the attached proofs of service, Defendant Ferrel was personally served on May 8, 2026, at an address that matches the San Diego County Superior Court. (Pl.'s Mot., at 14.) The San Diego County Sheriffs' deputy who effected service also listed his or her address at the same location. (*Id.*) Also, Defendant Duran was purportedly served on May 21, 2026, at a residential address in Visalia, CA. (Pl.'s Mot., at 15.) However, below the signature line of the

Tulare County Deputy Sheriff, a notation is made stating: "Servee was served at the Tulare County Sheriff Civil Unit, 221 S. Mooney Blvd., Room 102, Visalia, CA 93291," which is the same address listed for the sheriff deputy and is also the address for the Tulare County Superior Court. (*Id.*)

## II. PLAINTIFF'S ATTEMPTS TO SERVE DEFENDANTS DURAN AND FERREL.

On February 5, 2026, after filing the FAC, Plaintiff first attempted to serve Defendants Duran and Ferrel via mail. (Defs.' Req. Jud. Not. (RJN), Exh. B.) Plaintiff's proof of mail service does not identify the FAC, only the "Complaint," and Plaintiff also signed his own proof of service. (*Id.*) On February 18, 2026, according to Plaintiff's declaration with an attached screenshot from Defendant Ferrel's social media in support of his request for default, Defendant Ferrel is showing court papers and an envelope with Plaintiff's name and address. (RJN, Exh. D, at 5-6, 17.) The Sacramento County Superior Court docket also does not show that Plaintiff filed any Notice and Acknowledgment of Receipt and Receipt indicating that mail service was successful on either Defendant. (RJN, Exh. A.)

On or about March 19-20, 2026, Plaintiff mailed both Defendants copies of a Case Management Conference Statement and Statement of Damages but did not include a copy of the Summons and FAC. (RJN, Exh. D, at 3.) Defendant Ferrel's March mailing was returned unopened, while Defendant Duran, on March 26, 2026, displayed a copy of the Statement of Damages on his social media. (*Id.* at 4-6.)

On April 7, 2026, Plaintiff requested default judgment, but the superior court rejected this on the grounds that Plaintiff did not attach an original summons and proof of service for the FAC. (RJN, Exh. E at 1-4; Super. Ct. Sacramento County, Local Rules, rule 2.34(C).)

In May 2026, neither Defendant Duran nor Defendant Ferrel were personally served with a copy of the Summons and FAC, and personal service was not completed at the addresses shown. (Declaration of A. Duran ("Duran Decl."), at ¶¶ 3-5; Declaration of H. Ferrel ("Ferrel Decl."), at ¶¶ 3-5.)

/ / /

/ / /

Plaintiff again requested entry of default against Defendants Duran and Ferrel on June 26, 2026, but on September 30, 2026, the superior court again rejected this request because Plaintiff still had not attached a proof of service showing that Defendants were served with the FAC. (RJN, Exhs. F-G; Super. Ct. Sacramento County, Local Rules, rule 2.34(C).)

## ARGUMENT

### I. NO DEFECT IN UNANIMITY EXISTED AT TIME OF REMOVAL BECAUSE DEFENDANTS DURAN AND FERREL WERE IMPROPERLY SERVED.

#### A. The Rule of Unanimity for Proper Removal to Federal Court.

All defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(a); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988). The Ninth Circuit has held this "rule of unanimity" is satisfied if one defendant avers that the other defendants consent to removal; it does not require filing of individual consent documents by each defendant. *Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1208, 1225 (9th Cir. 2009). An exception to the rule of unanimity is that the removing defendant need not obtain the consent of the remaining defendants who have not been served with process in the case. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011); *Emrich*, 846 F.2d at 1193, n.1. When a case is removed from state court to federal court, the question of whether service of process was sufficient prior to removal is governed by state law, not federal law. *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017).

#### B. California Law Regarding Personal Service.

Under California law, personal service is complete the moment the process server actually hands the defendant the summons and complaint. Cal. Code of Civ. Proc., § 415.10; *Sternbeck v. Buck*, 148 Cal.App.2d 829, 833 (1957) (service of documents to defendant's wife in driveway of residence with wife's promise to deliver documents to her husband invalid). Generally, leaving the papers with a spouse, ex-wife, family member, or other person is not valid service. Cal. Code Civ. Proc., § 415.10; *Sternbeck*, at 832-33.

Filing a proof of service creates a rebuttable presumption that service was valid, but only when the proof complies with the California service statutes. *Floveyor Internat., Ltd. v. Superior*

*Court*, 59 Cal.App.4th 789, 795 (1997); *Dill v. Berquist Construction Co.*, 24 Cal.App.4th 1426, 1441-42 (1994). Deficiencies as to the actual recipient or the correct address of the defendant may rebut that presumption. *Dill*, 24 Cal.App.4th at 1442. A proof of service must therefore identify the time, place, and manner of service, name the person who received the summons and complaint, and state facts showing compliance with the service statute. Cal. Code Civ. Proc., § 417.10(a), (f). Where service is properly challenged, the plaintiff bears the burden to prove the existence of jurisdiction by proving the facts requisite to an effective service. *Dill*, 24 Cal.App.4th at 1439-40.

**C. Plaintiff's Previous Attempts at Mail-Service of the FAC Was Defective.**

Here, Plaintiff's previous February 2026 attempts at mail-service of the FAC was defective because he, a party, signed his own proof of service and no Notice and Acknowledgment of Receipt and Receipt was filed indicating that mail service rules had been followed. Cal. Code Civ. Proc., §§ 414.10, 415.30, 417.10; *Engebretson & Co. v. Harrison*, 125 Cal.App.3d 436, 441-444. Nor did Defendants' actual notice of the lawsuit that sprang from any defective service attempt substitute for proper service. *Engebretson*, at 443. And as seen below, Plaintiff's May 2026 attempts at personal service were defective as well, thereby negating the need for obtaining Defendants Duran and Ferrel's consent when the Notice of Removal was filed.

**D. Plaintiff's Proof of Service for Defendant Duran is Facially Defective.**

Here, Plaintiff's proof of personal service for Defendant Duran is defective. The proof of personal service contradicts itself by stating Defendant Duran was served at a residential address, but the service deputy states that service occurred at the Tulare County Superior Court's Sheriff's Civil Unit. (Pl.'s Mot., at 15.) These two different addresses rebut the presumption of valid service because it does not accurately depict the time, place, and manner where personal service was effected. *Floveyor*, *supra*, at 795; *Dill*, *supra*, at 1441-42. Moreover, Defendant Duran was not physically handed the summons and complaint at the Visalia residence on May 21, 2026. (Duran Decl., at ⁋⁋ 3-5.) At an unknown date, Defendant Duran recalls finding a notice on his door stating that the sheriff's department attempted service and Defendant Duran went to their office to pick up a copy of the summons and complaint. (*Id.* at ⁋ 5.) Leaving a notice at the door

is not personal service nor does it qualify as valid substitute service if it was not left with anyone competent to accept service. Cal. Code Civ. Proc., §§ 415.10, 415.20. Defendant Duran, therefore, was not properly served and his consent was not required when Defendants' Notice of Removal was filed. *Destfino*, *supra*, 630 F.3d at 956-57.

**E. Personal Service on Defendant Ferrel Was Also Defective.**

According to Defendant Ferrel, service was effected on his ex-wife on an unknown date at his former residential address that he had not lived in since August 2024. (Ferrel Decl., at ¶¶ 4-5.) His ex-wife was not authorized to accept service on his behalf. (*Id.*) His ex-wife informed him about the service attempt and Defendant Ferrel went to the San Diego County Superior Court the next day to retrieve the papers. (*Id.*)

Although Defendant Ferrel actually picked up the service papers the next day, actual notice of the lawsuit is not proper service. *Sternbeck*, *supra*, 148 Cal.App.2d at 833; *Engebretson, supra,* 125 Cal.App.3d at 443. Attempted service on Defendant Ferrel's ex-wife is also improper because she is not Defendant Ferrel nor was she authorized to accept service on his behalf. Cal. Code of Civ. Proc., § 415.10; *Summers v. McClanahan*, 140 Cal.App.4th 403, 414 (2006). Defendant Ferrel's ex-wife is also not a competent member of Defendant Ferrel's current household or apparently in charge of Defendant Ferrel's current dwelling or service address. Cal. Code Civ. Proc., § 415.20(b). Defendant Ferrel was not properly served and his consent was not required when Defendants' Notice of Removal was filed. *Destfino*, *supra*, 630 F.3d at 956-57.

**II. ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS DISCRETION IN CURING LACK OF UNANIMITY AT TIME OF REMOVAL.**

**A. District Courts Are Authorized to Cure Defects in Unanimity Before Entry of Judgment.**

As stated above, all served defendants must consent to or join in a removal of a case to federal court. *Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1208, 1225 (9th Cir. 2009). If there is a defect in unanimity, the removing defendants may cure the defect by obtaining joinder of the other defendants prior to the entry of judgment. *Destfino*, *supra*, 630 F.3d at 955. Lack of unanimity at time of removal is not a jurisdictional bar, so long as the case itself was removable. *Smith v. Myland Inc.* 761 F.3d 1042, 1045-46 (9th Cir. 2014).

Here, no judgment has been entered in the case and Defendants Duran and Ferrel have contemporaneously filed notices of joinder with the other Defendants' Notice of Removal. Plaintiff argues that Congress' 2011 amendments to the removal statutes abrogated the post-removal cure rule stated in *Destfino*, stating that curing defects in removal must be done within the typical thirty-day removal period. (Pl.'s Mot., at 3-4.) However, *Destfino* has not been overruled and remains binding precedent, notwithstanding district courts' acknowledgment of the split in authority on this issue. *See Gray v. Alvarez*, 2025 WL 1936938, at *2 (E.D. Cal. July 15, 2025). Moreover, none of Plaintiff's unpublished authorities discuss how the 2011 amendments' restriction on late curing of unanimity defects apply where pre-removal service was defective, as is the case here.

**B. Plaintiff Will Not Be Prejudiced by Removal to Federal Court.**

Plaintiff alleges he will be prejudiced because he has litigated the case in Sacramento County Superior Court, including obtaining fee waivers, tasking sheriffs' deputies with personally serving Defendants, attempting to obtain defaults, and other case management activities. (Pl.'s Mot., at 5, 12.) Plaintiff lacks CM/ECF access and must rely on copying services provided by the prison law library and other procedures to obtain records and evidence in his case, subject to availability of prison facilities. (*Id.*) These arguments do not demonstrate prejudice.

Plaintiff's work in Sacramento County does not deprive Defendants of their procedural right to remove a case to federal court where Plaintiff concedes a federal claim on the face of his operative pleading. Also, lack of access to CM/ECF is not an issue because pro se litigants are exempt from this requirement. (E.D. Cal. R. 133(b)(2).) Plaintiff's purported limitations in litigating his case revolving around access to law library and documents have not thus far prevented him from prosecuting this civil case and several other cases he has filed in the Eastern District, and these burdens would have existed in Sacramento County Superior Court as well as the Eastern District of California. Plaintiff, therefore, cannot show any prejudice if remand is denied.

/ / /

/ / /

## CONCLUSION

For these reasons, Plaintiff's motion to remand should be denied.

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
SEAN W. LODHOLZ
Supervising Deputy Attorney General

***/s/ Erick J. Rhoan***

ERICK J. RHOAN
Deputy Attorney General
*Attorneys for Defendants Broomfield, Cavanaugh, Duran, Espino, Ferrel, Gates, Guillen, Pena, Silva, and the California Department of Corrections and Rehabilitation (also erroneously sued as the Allegation Inquiry Management Section, Office of Internal Affairs, and State of California)*

SA2026401604
95748895