FILED
OCT 07 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

JAMIE OSUNA (CDCR No. BD0868)
CSP-COR, P.O. Box 8800
Corcoran, CA 93212,
Plaintiff,
v.
STATE OF CALIFORNIA, et al.,
Defendants.

No. 2:26-cv-03023-DAD-CSK (PC)

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND AND RESPONSE TO REQUEST FOR JUDICIAL NOTICE
L.R. 230(l)

Plaintiff incorporates the motion to remand and service exhibits. ECF No. 4 at 1–4, 14–16. The May sheriff returns record personal delivery to Duran and Ferrel, whose sworn declarations acknowledge that each went to his respective Sheriff's Department and received the summons and complaint. ECF Nos. 7-2 ¶ 5, 7-3 ¶ 5. They dispute the returns' particulars, not the in-person receipt; any material discrepancy can be resolved through contemporaneous Civil Unit records. The September 3 Notice nevertheless relied on nonservice and reported no consent from either man. Their October 2 declarations and joinders, filed after Plaintiff moved to remand, identify no earlier consent. ECF No. 1 ¶ 7; ECF Nos. 7-2–7-5. Plaintiff therefore requests remand or, if necessary, the limited service- and consent-related inquiry below.

## I. THE OCTOBER JOINDERS DO NOT ESTABLISH TIMELY CONSENT

The October 2 joinders state only that Duran and Ferrel "hereby" join and "consent"; neither identifies pre-removal consent or earlier authorization. ECF Nos. 7-4, 7-5. The September 3 Notice identifies CDCR and seven individual removing defendants but omits Duran and Ferrel and reports no consent from either. Rhoan's signed Civil Cover Sheet likewise excludes both from its "DEFENDANTS" field, although the attached FAC names them. ECF No. 1 at 1–3, 6, 51. Paragraph 7 instead asserts generally that the remaining FAC defendants had not been properly served. ECF No. 1 ¶ 7.

That omission was not simply the exclusion of every defendant whose service had been questioned. The State was personally served through the Attorney General's Office on August 5, and the Sheriff return was filed August 24. ECF No. 4 at 25. Before removal, the Attorney General's Office nevertheless returned those papers as allegedly "defective" because no party

name appeared on the summons, although the court-issued summons used for that service identified the State of California. Osuna Decl. ¶¶ 1–3. Rhoan's September 3 removal papers still included the State while omitting Duran and Ferrel. ECF No. 1 at 1–3. Defendants also characterize the October 2 joinders as "contemporaneously filed" with the September 3 Notice, despite their 29-day separation. ECF No. 7 at 7; ECF Nos. 1, 7-4–7-6. Those filings establish present consent, not timely consent; § 1446(a) does not establish compliance with the separate unanimity requirement of § 1446(b)(2)(A).

Defendants rely on *Destfino v. Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 2011), for discretionary post-removal cure. Plaintiff's motion already addressed *Destfino* and the competing post-2011 authority. ECF No. 4 at 4–5. The October joinders do not alter that analysis: the May sheriff proofs were filed before removal, the Notice relied on nonservice, and the joinders followed Plaintiff's timely unanimity challenge. ECF No. 1 ¶ 7; ECF No. 4; ECF No. 7-1 at 7–8; ECF Nos. 7-4, 7-5. Nor does Defendants' cited *Gray* decision establish a broad post-removal cure rule; its adopted recommendation recognizes post-2011 authority requiring consent within the applicable thirty-day period and distinguishes *Destfino*'s pre-amendment setting. *Gray v. Alvarez*, No. 2:24-cv-02401-DJC-CSK (P), ECF No. 16 at 6–7 (E.D. Cal. Apr. 4, 2025), report and recommendation adopted, ECF No. 22 at 3–4 (E.D. Cal. July 15, 2025).

## II. COURT RECORDS DO NOT RESOLVE LATER SHERIFF SERVICE

The remand motion relies on the later May sheriff deliveries, rather than the earlier superseded service attempts challenged in opposition. The chronology separates those events from the earlier default request and later clerk notices:

| Date (2026) | Record and significance |
|---|---|
| Apr. 7 / May 27 | Initial default request / rejection for missing proof. ECF No. 7-1 at 52–55. |
| Apr. 14 | CMC directive to serve and pursue response, default, or dismissal. ECF No. 4 at 22. |

| Date (2026) | Record and significance |
|---|---|
| May 8 | Ferrel return records personal service at the San Diego Sheriff's Chula Vista Civil Office; FAC, summons, and Statement of Damages expressly listed. ECF No. 4 at 14. |
| May 21 | Duran return records personal service; Item 4 lists Clinton Avenue, while the remarks identify the Tulare Sheriff Civil Unit as the service location; summons, complaint, and CIV-050 expressly listed. ECF No. 4 at 15–16. |
| June 1 / 8 / 15 | Duran return filed June 1 and again June 8; Ferrel return filed June 15. ECF No. 7-1 at 8. |
| Sept. 3 | Removal and state-court removal-stay entry. ECF No. 7-1 at 6. |
| Sept. 11 | Plaintiff files motion to remand challenging, among other things, the absence of Duran's and Ferrel's consent. ECF No. 4. |
| Sept. 30 | Post-removal Duran-only clerk rejection citing missing FAC proof. ECF No. 7-1 at 62. |
| Oct. 2 | Duran and Ferrel file individual joinders. ECF Nos. 7-4, 7-5. |

The May 27 notice preceded filing of the May sheriff returns. ECF No. 7-1 at 8, 52. The September 30 notice names only Duran and states: "No proof of service serving 1st amended complaint for Angel Alex Duran." ECF No. 7-1 at 62. It issued twenty-seven days after removal and the recorded state-court stay and therefore cannot operate as a post-removal adjudication of nonservice. ECF No. 7-1 at 6; 28 U.S.C. § 1446(d); *Roman Catholic Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020). Neither notice determines what the sheriffs actually delivered in May, and the Opposition's attribution of the September 30 rejection to both men conflicts with the notice itself, which identifies Duran alone. ECF No. 7 at 4.

Judicial notice may establish the existence and filing dates of court records, but not the truth of disputed factual assertions concerning service contained in declarations or other materials submitted with them. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th

Cir. 2001). Plaintiff therefore objects to treating disputed nonservice assertions as established through judicial notice.

### III. DIRECT DELIVERY IS PERSONAL SERVICE

California law governs pre-removal service. *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017). The sheriff returns are prima facie evidence of their stated service facts. Cal. Gov. Code § 26662. California permits personal service by direct delivery of the summons and complaint, which completes service and is not confined to a residence. Cal. Civ. Proc. Code § 415.10; *American Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011); *American Contractors Indemnity Co. v. Hernandez*, 73 Cal. App. 5th 845, 851 (2022).

**A. Ferrel's return and admitted sheriff-office receipt**

Ferrel's return records personal delivery on May 8 at 9:34 a.m. at 500 Third Avenue, Suite 140, Chula Vista, and expressly lists the First Amended Complaint, summons, and Statement of Damages. ECF No. 4 at 14. The return identifies that same address for A. Ponce, the server. The San Diego County Sheriff independently identifies 500 Third Avenue, Suite 140 as its Chula Vista Civil Office. Thus, the return records personal delivery at the Sheriff's own Civil Office, not at a residence attributed to Ferrel. San Diego County Sheriff, Civil Office Locations, https://www.sdsheriff.gov/bureaus/court-services-bureau/civil-office-locations. Ferrel nevertheless denies service on May 8 or "at the Third Avenue address," while admitting that, on an unidentified date, he went to the Sheriff's Department and "received the summons and complaint for this lawsuit." ECF No. 7-3 ¶¶ 3–5. Neither Ferrel nor the Opposition supplies a date establishing that his admitted sheriff-office receipt was a different event from the May 8 personal delivery recorded by the Sheriff.

Ferrel's alternative account is also unclear. He states that deputies "personally served" his ex-wife with the summons and complaint, but then says his ex-wife told him the deputy "left a note" directing him to the Sheriff's office "to pick up the court papers," which he says he did the next day. ECF No. 7-3 ¶¶ 4–5. He provides no declaration from his ex-wife, identified as Christina Miranda Ferrel / Christina Belen Miranda Ferrel. He provides no note, receipt, agency record, or date clarifying whether Christina allegedly received the summons and complaint, a

pickup notice, or both. The Opposition also states that Ferrel moved in August 2024, while his declaration states August 2025. ECF No. 7 at 6; ECF No. 7-3 ¶ 4. Christina's asserted lack of authorization does not itself resolve service; § 415.20(b) permits substituted service under specified conditions without requiring that the qualifying adult be an expressly authorized agent. Plaintiff relies principally on the return's direct personal delivery and Ferrel's admitted in-person receipt at the Civil Office. Any remaining discrepancy concerning its date or documentation can be resolved through the Civil Unit records requested below.

**B. Duran's return, receipt account, and prior public statement**

Duran's return reports May 21 personal service at 12:52 p.m.; its address field lists Clinton Avenue while the remarks identify the Civil Unit. It expressly lists "SUMMONS & COMPLAINT" and "CIV-050 STATEMENT OF DAMAGES," although it does not identify the complaint as amended. ECF No. 4 at 15–16. Duran denies personal service at either listed location, yet separately acknowledges that, after receiving a sheriff's notice, he went in person to the Department to "pick up a copy of the summons and complaint." He supplies no date or packet inventory for that encounter, and his listed May 21 errands provide no time or location inconsistent with the return's 12:52 p.m. entry. ECF No. 7-2 at 2, ¶¶ 3–5.

Duran's declaration also conflates distinct receipt events. Paragraph 6 recalls case-management and damages papers mailed in February or March and later default papers mailed in June or July, while denying recollection of receiving the summons and First Amended Complaint "via mail." ECF No. 7-2 ¶ 6. Defendants' own RJN identifies the original summons-and-complaint mail-service effort as the February 5 mailing, while Plaintiff's earlier declaration identifies a separate March 19–20 case-management/CIV-050 mailing. ECF No. 7-1 at 2, 29–30, ¶¶ 5–9. On or about March 26, Duran displayed the CIV-050 and stated, "This is like my third notice." Ex. C; ECF No. 7-1 at 31–32, ¶¶ 15–16. That statement does not establish the contents of each notice but is consistent with multiple distinct receipt events. Most importantly, Duran's denial of receiving the summons and FAC "via mail" concerns the earlier mailings; it does not address what documents he later received in person during his admitted Civil Unit pickup. ECF No. 7-2 ¶¶ 5–6.

**C. No Contemporaneous Challenge to the May Service**

The summons required a written response within 30 days after service. Cal. Civ. Proc. Code § 412.20(a)(3)–(4). Yet Defendants identify no pre-removal response, motion to quash, or order finding the May sheriff service ineffective. That absence itself does not establish service or waive every objection, but it bears on the chronology and the later request for discretionary cure; Plaintiff relies on the returns and delivery evidence, not silence alone.

## IV. THE ADMITTED SHERIFF-OFFICE DELIVERIES CAN BE VERIFIED

Both Defendants acknowledge sheriff-office receipt of summons-and-complaint papers; the contemporaneous records can clarify its date, contents, and relationship to the May returns. California distinguishes service from proof of service, and Rule 4(l)(3) provides that failure to prove service does not affect its validity and that proof may be amended. *Johnson & Johnson v. Superior Court*, 38 Cal. 3d 243, 251–52 (1985); *Ginns v. Shumate*, 65 Cal. App. 3d 802, 806 (1977); Fed. R. Civ. P. 4(l)(3).

If a material service issue remains, Plaintiff requests expedited discovery under Fed. R. Civ. P. 26(d)(1) and leave for narrowly tailored Rule 45 subpoenas to the San Diego and Tulare Sheriff Civil Units. The subpoenas would seek only official records documenting the admitted in-person encounters: date, time, location, recipient, documents delivered, packet inventory, receipt or acknowledgment, and delivering employee. ECF No. 4 at 14–16; ECF Nos. 7-2 at 2, ¶ 5; 7-3 at 2, ¶ 5. Plaintiff requests consideration of those records in determining service and, if necessary, an amended return or other verified clarification, with fourteen days thereafter to supplement.

## V. PUBLIC DISCLOSURE AND LIMITED CONSENT-RELATED DISCOVERY

**A. The displayed exchange identifies a concrete timing inquiry**

On September 28, Ferrel publicly displayed an email exchange concerning this action and sheriff-office service. The sender identifies himself as the DAG assigned to the matter, addresses the sheriff-office service address, and proposes a discussion. The exchange uses the post-removal case name as its subject line and was publicly disclosed after Plaintiff filed the remand motion but before the October 2 filings identifying DAG Rhoan as counsel for Duran and Ferrel. Ex. A.1–A.2; ECF Nos. 4, 7, 7-4, 7-5. The exchange therefore bears on the chronology of communications

concerning service and the subsequent joinders.

To the extent Defendants assert attorney-client or work-product protection over the displayed exchange, Plaintiff requests a determination limited to the communication Ferrel publicly disclosed. Voluntary disclosure to third parties generally destroys attorney-client privilege as to the communication disclosed. *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012). Work-product protection may be waived if disclosure is to an adversary or substantially increases potential adversaries' opportunities to obtain the material. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1121–22 (9th Cir. 2020).

**B. Changed Representation Posture**

The FAC alleges that CDCR officials previously disclaimed authority over complaints concerning Duran and Ferrel because they were former employees and directed Plaintiff to outside remedies. FAC ¶¶ 79–81, ECF No. 1 at 19–20. The September 3 removal papers neither included Duran or Ferrel among the removing defendants nor reported consent from either; counsel appeared for both only after Plaintiff moved to remand. ECF Nos. 1, 4, 7.

**C. Ferrel's CDCR Action and Limited Consent-Related Discovery**

Ferrel separately sues CDCR for damages in San Diego Superior Court No. 25CU063460C, where CDCR contests liability, asserts an after-acquired-evidence defense based on alleged misconduct by Ferrel. Ex. B. That adversarial relationship existed when this action was removed September 3 without reporting Ferrel's consent. ECF No. 1 ¶ 7. Against that adversarial and procedural chronology, the timing and basis of Ferrel's representation and consent are relevant to whether the October filing reflects earlier consent or a later arrangement.

Plaintiff therefore requests leave under Fed. R. Civ. P. 26(d)(1), to the extent required, for narrowly tailored discovery from Ferrel and CDCR limited to documents sufficient to establish: (1) when Ferrel was first contacted concerning representation or consent to removal in this action; (2) when and how he authorized representation and consent; and (3) whether any settlement, defense, indemnification, payment, release, side agreement, promise, consideration, or other operative term in *Ferrel v. CDCR* was conditioned upon, exchanged for, or otherwise expressly linked to Ferrel's representation, cooperation, service position, or consent to removal in this

action.

Plaintiff does not assume such an arrangement exists and does not seek unrelated settlement negotiations. The requested discovery is confined to whether any agreement or consideration links Ferrel's otherwise adverse CDCR litigation to the representation and consent now asserted here.

## CONCLUSION

Plaintiff requests remand because the May sheriff returns record pre-removal personal service, and Duran's and Ferrel's own sworn declarations acknowledge that each went in person to his respective Sheriff's Department and received the summons and complaint. ECF No. 4 at 14–16; ECF Nos. 7-2 ¶ 5, 7-3 ¶ 5. The September 3 Notice nevertheless relied on nonservice and contained no timely consent from either defendant. If the Court finds the present record insufficient to resolve remand, Plaintiff alternatively requests the limited service- and consent-related discovery described above, followed by fourteen days to supplement, and remand if the resulting record establishes pre-removal service without timely consent.

October 5, 2026

Jamie C. Osuna

p.p. Jamie Osuna

## DECLARATION OF JAMIE OSUNA

I, Jamie Osuna, declare:

1. Before the September 3, 2026, removal, I received returned service papers from the California Attorney General's Office concerning service on the State of California. The returned papers included the court-stamped summons and complaint that had been delivered on behalf of the State on August 5, 2026.
2. The Attorney General's Office stated that the summons was "defective" because no party name appeared on it.
3. The summons provided to me by the state court and used for that service identified the State of

California. The court's electronic record likewise contains the issued summons for the State of California. A copy of that issued summons was previously filed with Plaintiff's motion to remand as Exhibit E.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 5, 2026

p.p. Jamie Osuna

# EXHIBIT A — PUBLIC EMAIL DISPLAY

## A.1 — FERREL PUBLIC POST, PAGE 1

*Redactions appear in Ferrel's original post.*


1:10

**Osuna v. CDCR, et al.**

[redacted]

12:43 PM

To: tormenttactical@protonmail.com

Good afternoon,

I am the DAG assigned to this case filed against you by Jaime Osuna. Osuna is claiming that several custody staff members improperly accessed and disclosed Plaintiff's confidential information regarding the alleged murder of his cellmate in 2019. We also have some questions about his efforts to serve you because his proofs of personal service says you were served at the same court address the county sheriff's office was located at, which is odd.

Do you have time tomorrow or Wednesday to discuss?

Thank

[redacted]



Source: https://www.instagram.com/p/Dd2DY-rkhFV/?img_index=1 (Also publicly reposted by third parties.)

## EXHIBIT A (CONTINUED) — DISPLAYED REPLY

### A.2 — FERREL PUBLIC POST, PAGE 2 — DISPLAYED REPLY

*Redactions appear in Ferrel's original post.*


1:10 5G

Osuna v. CDCR, et al.
2 messages

tormenttactical 1:10 PM
tormenttactical@protonmail.com
[redacted]

Good afternoon,

There is nothing alleged about him murdering his cellmate. I've never met anyone who has successfully decapitated themselves. Yes, I am available tomorrow and the day

Thank you,

Hector Ferrel

Sent from Proton Mail for iOS.



Source: https://www.instagram.com/p/Dd2DY-rkhFV/?img_index=2

# EXHIBIT B — CDCR'S ANSWER IN FERREL'S SEPARATE ACTION

Excerpt from CDCR's Answer to the FAC, *Ferrel v. CDCR*, San Diego Superior Court No. 25CU063460C (p. 5).

**THIRTEENTH AFFIRMATIVE DEFENSE**

(*Sheppard v. Freeman* Defense)

Causes of action against Defendant in the FAC may be barred because alleged statements and actions were made in connection with official personnel actions, and/or were made in good faith, and which were within Defendant's properly exercised discretion. (*Sheppard v. Freeman* (1998) 67 Cal.App.4th 339; Gov. Code section 820.2.)

**FOURTEENTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence Doctrine)

The FAC, and each purported cause of action contained therein, may be barred, in whole or in part by reason of after-acquired evidence of misconduct by Plaintiff. In the alternative, Plaintiff's damages, if any there be, may be cut off by reason of after-acquired evidence of misconduct by Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(No Damage by Acts of Defendant)

The FAC, and each purported cause of action contained therein is barred, in whole or in part, in that Plaintiff has not sustained any injury or damage by reason of any act or omission of the Defendant or any of its employees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Adverse Employment Action)

The FAC, and each purported cause of action contained therein is barred, in whole or in part, because Plaintiff was not subjected to an adverse employment action (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1052-1056).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Contributory Negligence)

Any injury to Plaintiff was caused by and due to the negligence and/or omissions of Plaintiff to care for himself, which carelessness and negligence and/or omissions were the proximate cause of the damage, if any, to Plaintiff.

//

5

CDCR's Answer to FAC (25CU063460C)

## EXHIBIT C — DURAN'S MARCH 26 PUBLIC INSTAGRAM STORY

*Text overlay appears in Duran's original post.*




Source: https://www.instagram.com/stories/correctionsunlocked/3861696587932579274/

**PROOF OF SERVICE**

Plaintiff submits this opposition in paper form under L.R. 133(a), (b)(2). Upon the Clerk's filing and transmission through CM/ECF, the Notice of Electronic Filing effects service on registered counsel, including Erik Rhoan. Fed. R. Civ. P. 5(b)(2)(E); L.R. 135. No additional certificate is required for that electronic service. Fed. R. Civ. P. 5(d)(1)(B).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 5, 2026

p.p. Jamie Osuna